UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EDDIE DEAN WOODFIN, | ) |
| Petitioner, | ) |
| v. | ) No. 4:07-CV-553-RWS |
| JENNIFER M. JOYCE, et al., | ) |
| Respondents. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the petition of Eddie Dean Woodfin for a writ of habeas corpus and his application for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that petitioner is financially unable to pay any portion of the filing fee. Because there is no indication that petitioner has exhausted his available state remedies prior to filing this action, the Court will order petitioner to show cause within thirty (30) days of the date of this Order as to why the Court should not dismiss the instant application for a writ of habeas corpus for failure to exhaust his state remedies.

**The petition**

Petitioner, a pre-trial detainee at the St. Louis City Justice Center, filed this action for a writ of habeas corpus,

alleging that respondents have violated his right to a speedy trial and that his present confinement "represents an oppressive pretrial imprisonment." He seeks his immediate release, as well as dismissal of the pending state charges.

**Discussion**

Because petitioner is not in custody pursuant to a state court judgment, the only vehicle for challenging his present confinement is 28 U.S.C. § 2241. Cf. Crouch v. Norris, 251 F.3d 720, 722-23 (8th Cir. 2001)(person in custody pursuant to state court judgment can only obtain habeas relief through § 2254). Accordingly, the Court will liberally construe the instant action as having been brought under § 2241.

In the absence of exceptional circumstances, a state prisoner must exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973). The State of Missouri provides habeas corpus relief for prisoners in its custody. See Rev. Mo. Stat. § 532.010 (1994), Missouri Supreme Court Rule 91.01. In the instant case, there is no indication that petitioner has filed a state-court habeas corpus action to challenge his present confinement. Moreover, Exhibit #1 of the instant petition is a copy of the docket sheet in petitioner's underlying pending criminal case in the 22nd Judicial Circuit of the City of St. Louis. The docket sheet indicates that

(1) on December 22, 2006, petitioner filed a "Motion to Dismiss for Violation of Speedy Trial; (2) on January 8, 2007, the case was scheduled for a jury trial on May 21, 2007; (3) on January 9, 2007, the court received a copy of "Pro Se Petition for Writ of Mandamus filed w/ Supreme Court"; (4) on January 30, 2007, the court received "'Notice of Filing of Petition for Writ of Mandamus.'" Under these circumstances, it appears that petitioner has available state procedures that he must exhaust before invoking federal habeas jurisdiction.

Therefore,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that no order to show cause shall issue at this time as to respondents, because petitioner has not exhausted available state remedies.

**IT IS FURTHER ORDERED** that petitioner's "Motion to Dismiss for Violation of Statutory and Constitutional Right to Speedy Trial" [Doc. #4], "Motion Requesting a Copy of the Grand Jury Minutes," [Doc. #6], "Request for Discovery," [Doc. #7], and

"Motion to Proceed In Forma Pauperis" [Doc. #8] are **DENIED** as moot.

An appropriate order shall accompany this memorandum and order.

Dated this 23rd day of April, 2007.

_____
**UNITED STATES DISTRICT JUDGE**